1

2

3

4

5

6

**THE DISTRICT COURT OF GUAM**

7

| | |
|---|---|
| JOSHUA JOHN PANGELINAN, a.k.a. JOSHUA J.P. TEDTAOTAO, | CIVIL CASE NO. 24-00014 |
| Plaintiff, | **DECISION AND ORDER DISMISSING IN PART PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE** |
| vs. | |
| MARK ANDERSON, ALLAN BORJA, FRANK TAIANAO, GABELLE CRUZ, and BOBBY D. LOVE,[1] | |
| Defendants. | |

14

        Before the court is Plaintiff Joshua John Pangelinan's, a.k.a. Joshua J.P. Tedtaotao,

Amended Complaint for Violation of Civil Rights (Prisoner Complaint) (the "Amended

Complaint"),[2] Motion for Leave to File an Amended Complaint, and Motion to Appoint

Counsel. ECF 18, 21-22. The court has reviewed the record and the relevant law and finds this

matter suitable for submission without oral argument.

---

[1] The court notes that the spellings of certain Defendants' names are inconsistent throughout the Complaint, such as "Allen" versus "Allan" and "Gabelle" versus "Gaberial." *See* Compl., ECF No. 1.

[2] As noted in a prior court order, this is Plaintiff's third civil rights complaint from the same or similar set of facts. *See* ECF No. 11; *Tedtaotao v. Dep't of Corr.*, No. 1:21-cv-00016 (D. Guam May 25, 2021); *Pangelinan v. Dep't of Corrections*, No. 1:23-cv-00016 (D. Guam May 19, 2023). Both complaints were ultimately dismissed for Plaintiff's failure to prosecute. *See id.*

1    For the reasons stated herein, the court hereby **GRANTS** Plaintiff's motion to file an

2  amended complaint, **DISMISSES IN PART** his Amended Complaint without leave to amend,

3  and **DENIES** his Motion to Appoint Counsel.  As discussed *infra*, all the claims in the Amended

4  Complaint are dismissed with prejudice, with the exception of the Fourteenth Amendment Claim

5  that occurred on April 18, 2025 (fabrication of evidence as it relates to the shaved mop stick that

6  resulted in his solitary confinement), as contained in the Motion for Leave to File an Amended

7  Complaint, ECF No. 21. As noted in the analysis, the court incorporates the motion to amend

8  (ECF No. 21) as part of the Amended Complaint (ECF No. 18).

9  I.    **PROCEDURAL POSTURE**[3]

10    Plaintiff filed the initial Complaint and an Application to Waive Fees on July 8, 2024.[4]

11  ECF Nos. 1-2. He alleged that Mark Anderson, Allan Borja, Frank Taianao, Gabelle Cruz, and

12  Bobby D. Love (collectively, "Defendants") violated his rights under the First, Fifth, Sixth,

13  Eighth, and Fourteenth Amendments, in addition to Executive Order No. 94-19. Compl. at 1, 3-

14  4, ECF No. 1. The alleged violations stem from Plaintiff's incarceration with the Guam

15  Department of Corrections for offenses he was convicted of in the Superior Court of Guam.[5] *See*

16  *id.* at 4-5. On September 25, 2024, Plaintiff supplemented the factual allegations from the

17  Complaint with a declaration that alleged he was unable to amend his prior complaints due to the

18  mishandling of his mail by certain Defendants.[6] Decl. at 1-5, ECF No. 6.

19

20  [3] The court refers to CM/ECF pagination throughout this Decision and Order.

21  [4] However, Plaintiff signed the Complaint on May 30, 2024, and the Application to Waive Fees on May 10, 2024.

22  [5] Plaintiff's local case numbers are CF0006-13, CF0188-13, CF0076-14, and CF0078-14. Relevant here, Plaintiff
has been incarcerated since February 13, 2014, and convicted on April 23, 2015. According to the Guam
Department of Corrections, Plaintiff's projected release date is February 13, 2026. *See* ECF No. 11, at 2 n. 4.

23

24  [6] Plaintiff signed the declaration on September 13, 2024, and it was postmarked September 24, 2024. ECF No. 6.

Separately, Plaintiff filed two motions for the appointment of counsel: the first on August 8, 2024, and the second on October 30, 2024.[7] *See* ECF Nos. 5, 9. The motions requested counsel to assist Plaintiff with collecting evidence and to alleviate his alleged mistreatment at the prison. *See id.*

On April 10, 2025, the court ruled on Plaintiff's motions. ECF No. 11. The court granted Plaintiff's Application to Waive Fees, and accordingly, screened his complaint. *See id.* at 4-30. The court dismissed Plaintiff's Complaint with leave to amend in regard to his First Amendment Claims for Retaliation, Access to the Courts, and Unreasonable Interference with Mail; Sixth Amendment claim(s); and Fourteenth Amendment Claims for Deliberate Fabrication of Evidence. *See id.* at 27-30. The court dismissed with prejudice Plaintiff's Fifth Amendment claim and his claim under Executive Order No. 94-19. *Id.* at 20, 27. The court permitted Plaintiff's First Amendment claims against Defendant Taianao for interference with Plaintiff's access to the courts and unreasonable interference with mail (both in October to November 2022), Eighth Amendment claim against Defendant Anderson in February 2018, and Fourteenth Amendment claim against Defendant Cruz for deliberate fabrication of evidence on May 11, 2022, to proceed past screening. *Id.* at 32.

Plaintiff was given forty-five (45) days from the Decision and Order to file an amended complaint and was duly warned that the "amended complaint must be rewritten and function as an independent document. It may not incorporate the prior complaint or other documents by reference." *Id.* at 28. The court elaborated, "[f]ailure to amend before the deadline or to sufficiently allege claims will result in automatic dismissal of the outstanding claims with prejudice. Causes of action not raised in the amended complaint will be waived." *Id.* The court

---

[7] Plaintiff dated these filings August 4, 2024, and October 11, 2024, respectively. *See* ECF Nos. 5, 9.

1    concluded that it would screen Plaintiff's amended complaint to see if such claims should

2    proceed. *Id.* at 32.

3        The court denied Plaintiff's Motions to Appoint Counsel, finding he had not "sufficiently

4    articulated his likelihood of success on the merits or an inability to articulate his claims in light

5    of the complexity of the issues involved in his motions to appoint counsel." *Id.* at 31. The court

6    informed Plaintiff that he could renew his motion when he amended his complaint, but that he

7    would have to "demonstrate the existence of exceptional circumstances" in order for the court to

8    grant the motion. *Id.* at 32.

9        On May 29, 2025, the court *sua sponte* extended the time to file an amended complaint.[8]

10   ECF No. 15. On June 13, 2025, the court received Plaintiff's Amended Complaint in the mail

11   and promptly filed it the same day. ECF No. 18. Plaintiff then filed a Motion for Leave to File an

12   Amended Complaint and a Motion to Appoint Counsel on July 14, 2025.[9] *See* ECF Nos. 21-22.

13   The Motion for Leave to File an Amended Complaint requests the court add an extra defendant

14   to the case, Gene E. Manansala, for violations of Plaintiff's Sixth and Fourteenth Amendment

15   rights. *See* Mot. to File an Amended Compl., at 1, ECF No. 21. Plaintiff alleges Officer

16   Manansala fabricated evidence to have Plaintiff placed in solitary confinement. *Id.* The Motion

17   to Appoint Counsel contends "Plaintiff's imprisonment is limiting his ability to litigate." Mot. To

18   Appoint Counsel, at 1, ECF No. 22. Moreover, "the issues involved in the case are complex and

19   will require significant research and investigation," while Plaintiff only has "limited access to [a]

20   law library and limited knowledge of law." *Id.* Plaintiff asserts a "trial in this case will likely

21

22   ---
     [8] The court noted in the order that "Plaintiff has previously alleged issues regarding the mishandling of his mail by
     prison officials." ECF No. 15.

23   [9] Plaintiff signed both filings July 7, 2025. ECF Nos. 21, 22.

24

1    involve conflicting testimony, and counsel would [] better enable plaintiff to present evidence

2    and cross examine witnesses." *Id.*

3    **II.    SCREENING THE COMPLAINT**

4        **A.    JURISDICTION**

5            As the court has previously granted the Plaintiff's Application to Waive Fees, ECF No.

6    11, at 4, the court must screen the Plaintiff's complaint. *See Lopez v. Smith*, 203 F.3d 1122,

7    1126-27 (9th Cir. 2000). The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

8    because the Complaint alleges deprivations of rights secured by the Constitution under 42 U.S.C.

9    § 1983.

10        **B.    STANDARD OF REVIEW**

11            Pursuant to 28 U.S.C. § 1915(e), the court is required to review a complaint and dismiss

12    the case if the action is "frivolous or malicious," "fails to state a claim upon which relief may be

13    granted," or "seeks monetary relief against a defendant who is immune from such relief." 28

14    U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126-27. A complaint must contain a short

15    and plain statement that the plaintiff is entitled to relief, along with "enough facts to state a claim

16    to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550

17    U.S. 544, 570 (2007); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006).

18    The court must accept all allegations of material fact as true and construe those facts in the light

19    most favorable to the plaintiff. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

20    Although a plaintiff is not required to provide detailed allegations, legal conclusions are

21    insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There is no claim for relief when

22    the allegations "do not permit the court to infer more than the mere possibility of misconduct."

23    *Id.* at 679. Additionally, in an action brought under Section 1983, a plaintiff must allege that each

24

defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

When a plaintiff is *pro se*, the court must liberally construe the allegations in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). Nonetheless, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). In particular, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation omitted).

## C.   ALLEGATIONS

The allegations stated in the Amended Complaint and the Motion for Leave to File an Amended Complaint are as follows:

### 1.   December 2023

Plaintiff argues Defendant Cruz violated his First Amendment right to "receive and send mail to the court" and his "right to be free from unreasonable interference with [his] mail." *See* Amended Compl. at 2, ECF No. 18. Plaintiff allegedly entrusted Defendant Cruz with privileged mail that included a temporary restraining order. *Id.* The temporary restraining order would have removed Defendants from Plaintiff's prison unit. *Id.* Plaintiff alleges Defendant Cruz never sent

1  the privileged mail to the courts or to a proper mail officer. *Id.* Plaintiff contends Defendant

2  Cruz's actions amount to a violation of his first amendment rights. *Id.*

3  **2. January 31, 2024**

4  Next, Plaintiff alleges Defendants Cruz, Borja, Taianao, and Love "acting under the color

5  of state law in their individual capacities violated my First Amendment right to be free from

6  Retaliation for filing complaints to the courts." *Id.* He further alleges that they violated his "14th

7  Amendment Right by deliberately fabricating evidence and reports and placing [him] in solitary

8  confinement." *Id.* at 3-4. On January 31, 2024, "after becoming aware by public announcement

9  that my last case was dismissed because my mail to the court had never made it," Defendant

10 Cruz ordered a team of officers to search Plaintiff's prison cell for contraband. *Id.* Defendant

11 Cruz accused Plaintiff of having a contraband cellphone but could not find one during the search

12 and Defendants Borja and Taianao placed Plaintiff in solitary confinement. *Id.* at 2-3. Defendant

13 Love found a cellphone the next day with the name "Joshua Pangelinan" on it. *Id.* at 3. Plaintiff

14 alleges Defendants planted the cellphone and that they would have only learned of his alias if

15 they had read his mail to the court. *Id.* at 3. Plaintiff asserts the Defendants' actions placing him

16 in solitary confinement and planting false evidence in his cell were retaliatory. *Id.*

17 **3. September 13, 2024**

18 Plaintiff alleges that on September 13, 2024, Defendants violated his First Amendment

19 "right to be free from Retaliation for filing complaints to the courts and to pursue civil rights

20 litigations." *Id*. at 4. Defendants Borja and Taianao placed Plaintiff on disciplinary confinement

21 and restricted his contact with his family. *Id.* Plaintiff asserts Defendants did this to punish him

22 for a declaration he made in his civil rights litigation. *Id.*

23

24

1

### 4. April 18, 2025

2       Finally, Plaintiff alleges Officer Manansala deliberately fabricated evidence and reports,

3  thus violating Plaintiff's Sixth and Fourteenth Amendment rights. *See* Mot. to File an Amended

4  Compl., at 1, ECF No. 21. On April 18, 2025, Officer Manansala and other officers searched

5  Plaintiff's cell. *Id*. They found his broken mop stick and Officer Manansala confiscated it. *Id*. He

6  reported that the stick "was shaved down to a fine point" and had Plaintiff placed in solitary

7  confinement. *Id*. Plaintiff further alleges that a picture of a shaven down mop stick was taken in

8  Defendant Borja's office to supplement the action taken against him. *Id*. Plaintiff alleges that the

9  stick was not shaved down, and that he could prove this if given his compulsory process under

10  the Constitution to bring Col. N.N. Ludwig as a witness in his defense. *Id.*

11    **D.    ANALYSIS**

12       **1. Motion to File an Amended Complaint**

13       Federal Rule of Civil Procedure 15 governs Amended and Supplemental Pleadings. FED.

14  R. CIV. P. 15. Under this rule, a "party may amend its pleading once as a matter of course no later

15  than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

16  required, 21 days after service of a responsive pleading or 21 days after service of a motion

17  under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, "a party

18  may amend its pleading only with the opposing party's written consent or the court's leave. The

19  court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Courts give

20  leave to amend with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

21  1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712

22  (9th Cir. 2001).

23       Plaintiff has already amended his pleading once. *See* ECF No. 18. Now, Plaintiff wants to

24

1  amend his pleading further to add a claim against a new Defendant, Officer Gene E. Manansala,

2  for violations of Plaintiff's Sixth and Fourteenth Amendment rights. Mot. to File an Amended

3  Compl., at 1, ECF No. 21. Plaintiff alleges Officer Manansala fabricated evidence to have

4  Plaintiff placed in solitary confinement. *Id.*

5       When considering whether to grant leave to amend, a district court must consider: (1)

6  whether the amendment was filed with undue delay; (2) whether the movant has requested the

7  amendment in bad faith or as a dilatory tactic; (3) whether movant failed to cure deficiencies in

8  previous amendments; (4) whether the defendant will unduly prejudice the opposing party and;

9  (5) whether the amendment would be futile. *See Eminence*, 316 F.3d at 1052 (quoting *Forman v.*

10  *Davis*, 371 U.S. 178, 182 (1962)). In the Ninth Circuit, "it is the consideration of prejudice to the

11  opposing party that carries the greatest weight." *Id.* Furthermore, "[a]bsent a showing of

12  prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption*

13  under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

14       Analyzing the factors together, the court **GRANTS** Plaintiff's Motion to File an

15  Amended Complaint. As noted above, prejudice is the most important factor when considering a

16  party's motion for leave to file an amended complaint. *Id*. In addition, courts grant leave to file

17  an amended complaint with "extreme liberality." *Id.* at 1051. Here, granting leave will not

18  unduly cause prejudice. The litigation process is in its early stages and Officer Manansala would

19  have ample time to get acquainted with the case, participate in discovery, and build a defense.

20  There is also not a strong showing of any of the other factors. The amendment was not filed with

21  undue delay as the incident occurred on April 18, 2025, and Plaintiff submitted his motion on

22  July 14, 2025, roughly three months later. *See* Mot. to File an Amended Compl., at 1, ECF No.

23  21. Further, there is no evidence of bad faith by Plaintiff, and the amendment on its face does not

24

1    appear to be futile. When considering the factors as a whole, they weigh in favor of amendment.

2        In the interest of justice and efficiency, the court will incorporate Plaintiff's claim against

3    Officer Manansala from his motion to file an amended complaint (ECF No. 21) as part of his

4    Amended Complaint (ECF No. 18). This is to ensure that there are no further delays in reviewing

5    his amended complaint, particularly because he had indicated that he has difficulties

6    communicating with the court due to problems with prison mail.

7        **2.  Screening of Amended Complaint**

8        To prevail on a claim under 42 U.S.C. § 1983, a plaintiff is ultimately required to prove:

9    (1) that a person acting under color of state law committed the conduct at issue, and (2) that the

10   conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution

11   or laws of the United States. *See* 42 U.S.C. § 1983. At the pleadings stage, a plaintiff must allege

12   "enough facts to state a claim to relief that is plausible on its face." *See* FED. R. CIV. P. 8(a)(2);

13   *Twombly*, 550 U.S. at 570.

14       The court finds Plaintiff has sufficiently alleged that the individual Defendants acted

15   under color of state law through personal participation in the alleged violations. *See Jones*, 297

16   F.3d at 934; *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (discussing standard for

17   supervisory liability under Section 1983). Therefore, the question addressed herein is whether

18   Plaintiff has sufficiently alleged that each defendant's conduct deprived him of some right,

19   privilege, or immunity protected by the Constitution or laws of the United States.

20       Plaintiff alleges in his amended pleadings that he was deprived of rights guaranteed by

21   three sources from the Constitution: (1) the First Amendment, (2) the Sixth Amendment, and

22   (3) the Fourteenth Amendment. As noted in the previous Decision and Order, ECF No. 11, at 28,

23   Plaintiff's failure "to sufficiently allege claims will result in automatic dismissal of the

24

outstanding claims with prejudice" and "[c]auses of action not raised in the amended complaint will be waived."

### a. First Amendment Claims

Plaintiff alleges First Amendment violations on three separate occasions: (1) December 2023, (2) January 31, 2024, and (3) September 13, 2024. *See* Amended Compl. at 2-4, ECF No. 18. In the amended pleadings, Plaintiff alleges that the Defendants retaliated against him for pursuing civil rights litigation against them. Plaintiff further alleges that Defendants violated his right to access the courts and his right to be free from unreasonable interference with his mail.

### i. Retaliation

Prisoners are guaranteed the "right to file prison grievances" and "pursue civil rights litigation" under the First Amendment. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995)). These protections provide mechanisms for inmates to remedy prison injustices. *Id.* Thus, "purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections." *Id.* Such claims are cognizable under 42 U.S.C. § 1983. *Id.*

To adequately allege a First Amendment retaliation claim, a plaintiff must allege facts sufficient to support the following: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68 (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)). A plaintiff is not required to allege that there was a "*total* chilling of his First Amendment rights";

1  rather, he need only allege facts sufficient to answer, "whether an official's acts would chill *or*

2  silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d

3  at 568-69 (emphasis in the original).

4      For the reasons discussed below, Plaintiff's First Amendment retaliation claims are

5  dismissed without leave to amend for failure to plead the fifth element: the action did not

6  reasonably advance a legitimate correctional goal. *See* ECF No. 11, at 28.

7      First, on January 31, 2024, Defendant Cruz ordered a team of officers to search Plaintiff's

8  cell for contraband after Plaintiff's previous civil rights case was dismissed. *See* Amended

9  Compl. at 3, ECF No. 18. The officers could not find any contraband, and Defendants Borja and

10  Taianao moved Plaintiff to solitary confinement. *Id.* Defendant Love reported finding a

11  cellphone with the name Johsua Pangelinan on it a day later. *Id.* Plaintiff alleges the cellphone

12  was planted in his cell, and that the Defendants collectively violated his First Amendment rights

13  by retaliating against him for pursuing civil rights litigation. *Id.*

14      In the first Decision and Order, the court dismissed this claim with leave to amend

15  because "Plaintiff ha[d] not sufficiently articulated the adverse actions taken by each Defendant

16  against him [were] *because of* his First Amendment protected activity. Plaintiff has also failed to

17  sufficiently allege how such action chilled the exercise of his First Amendment rights or how the

18  action did not reasonably advance a legitimate correctional goal." ECF No. 11, at 15. Plaintiff

19  now alleges that the adverse actions were taken *because of* his First Amendment protected

20  activity of "filing complaints to the courts and [pursuing] civil rights litigation." Plaintiff does

21  not, however, allege that this action did not reasonably advance a legitimate correctional goal.

22      Second, on September 13, 2024, Plaintiff alleges Defendant Borja ordered Plaintiff to be

23  placed on disciplinary confinement after Plaintiff made a declaration about Defendant Taianao in

24

his case. *See* Amended Compl. at 4, ECF No. 18. "By doing so Defendants Borja and Taianao did violate my First Amendment Right while acting under the color of state law in the individual capacities by violating my right to be free from Retaliation for filing complaints to the court." *Id.* Again, Plaintiff has failed to allege that this action did not have a legitimate correctional goal.

In sum, the court dismisses these First Amendment retaliation claims without leave to amend because Plaintiff fails to allege that the officers did not have a legitimate reasonable correctional goal, and these claims are dismissed without leave to amend.

### ii. Access to the Courts

Plaintiff alleges that his right to access the courts was violated in December of 2023. *See id.* at 2.

Under the First Amendment, a prisoner has a right of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 356 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011), *overruled on other grounds as recognized by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see also, e.g.*, *Hopper v. Wright*, No. 1:10-cv-00055-GBC, 2012 WL 967634, at *4 (E.D. Cal. Mar. 12, 2012), *adoption recognized in* 2012 WL 1831876, at *7 (E.D. Cal. May 18, 2012). This right includes the right to bring a grievance that the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To state a claim for relief, a plaintiff must have suffered an actual injury by being shut out of court. *Id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004). A plaintiff must plausibly allege: (1) acts by prison officials which frustrated his litigation activities; (2) the loss of a "nonfrivolous" or "arguable" claim, and

1   (3) the remedy sought through the access to courts claim is not otherwise available in another

2   suit. *See Christopher*, 536 U.S. at 415. Defendant failed to allege element no. 2.

3   Plaintiff alleges that in December of 2023, he gave privileged mail to Defendant Cruz for

4   Defendant Cruz to give to the court. *See* Amended Compl. at 2, ECF No. 18. The privileged mail

5   had a temporary restraining order that would have sought to remove Defendants from Plaintiff's

6   prison unit. *Id.* Plaintiff alleges that this mail never reached the court or a mail officer. *Id.*

7   Plaintiff has alleged an act by a prison official frustrating his litigation activities–Officer Cruz

8   refusing to send the temporary restraining order to the proper authorities. The court can also

9   surmise that a remedy for this violation is not otherwise available. However, Plaintiff has not

10  alleged the loss of a "nonfrivolous" or "arguable" claim as required for his claim. As such,

11  Plaintiff's allegation that Detective Cruz blocked his right to access the courts is dismissed

12  without leave to amend.

### iii.  Unreasonable Interference with Mail

13

14  Similarly, Plaintiff alleges Officer Cruz's actions in December 2023 violated his right to

15  be free from unreasonable interference with his mail.

16  Under the First Amendment, a prisoner has the right to send and receive mail. *See*

17  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prisoners are also entitled to be free from

18  unreasonable interference with their mail. *See Procunier v. Martinez*, 416 U.S. 396, 408-09

19  (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *see also, e.g.*,

20  *Greening v. Klemme*, 34 F. Supp. 3d 1144, 1154 (E.D. Wash. 2014) (explaining that the right

21  derives from the First and Fourteenth Amendments). Nonetheless, a prison may regulate ways

22  that limit this right so long as the interference is "reasonably related to legitimate penological

23  interests." *United States v. Wilson*, 447 F.2d 1, 8 n.4 (9th Cir. 1971); *see also Greening*, 34 F.

24

Supp. 3d at 1154 (quoting *Thornburgh*, 490 U.S. at 404). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail," and, therefore, the First Amendment does not prohibit opening such mail outside the recipient's presence. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017).

Plaintiff does not allege that an official prison policy or regulation has limited his right to send and receive mail. Instead, he alleges Defendant Cruz did not send out his mail as requested. *See* Amended Compl. at 2, ECF No. 18. Defendant Cruz allegedly withheld Plaintiff's privileged mail which included a temporary restraining order intended to be sent to the courts to remove Defendants from Plaintiff's prison unit. *Id.* The First Amendment does protect against interference with an individual's ability to send and receive mail for illegitimate purposes. *See Hayes*, 849 F.3d at 1211-12; *Greening*, 34 F. Supp. 3d at 1154. Here, Plaintiff alleges interference with his mail but does not allege that the Defendant had an illegitimate purpose. Analyzing the amended pleadings, the interference could have been reasonably related to a legitimate penological interest. The claim is thus dismissed without leave to amend.

### b. Sixth Amendment Claim

In his Motion to File an Amended Complaint, Plaintiff alleges Officer Manansala fabricated a prison report. *See* Mot. to File an Amended Compl., at 1, ECF No. 21. The fabricated report stated that the officer removed a broken mop stick from Plaintiff's cell that had been "shaved down to a fine point." *Id.* Based on this report, Plaintiff was moved to solitary confinement. *Id.* Plaintiff contends Col. N.N. Ludwig was present and could verify the broken mop stick was not shaved down. *Id.* He further alleges Officer Manansala denied him his compulsory process by preventing him from calling a witness in this administrative prison matter. *Id.* The Sixth Amendment guarantees "compulsory process for obtaining witnesses in his

favor" for "all criminal prosecutions." U.S. Const. amend. VI. Plaintiff has not alleged that this

led to a criminal prosecution. The Sixth Amendment claim is dismissed with prejudice.

### c. Fourteenth Amendment Claims

Plaintiff alleges deliberate fabrication of evidence in violation of his rights under the

Fourteenth Amendment on two occasions in his amended pleadings: (1) January 31, 2024, and

(2) April 18, 2025. *See* Amended Compl. at 3-4, ECF No. 18; Mot. to File an Amended Compl.,

at 1, ECF No. 21. On the first occasion, Plaintiff alleges Defendants planted a contraband

cellphone in his cell as a pretense for placing him in solitary confinement. *See* Amended Compl.

at 3-4, ECF No. 18. On the second occasion, Plaintiff alleges Defendants produced a false

picture of a shaved down, broken mop stick as justification for placing Plaintiff in solitary

confinement. *See* Mot. to File an Amended Compl., at 1, ECF No. 21.

The Due Process Clause of the Fourteenth Amendment prohibits the deliberate

fabrication of evidence in criminal charges or certain administrative penalties by a state official.

*Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) (citing *Devereaux*, 263 F.3d at 1074-75). A

deliberate fabrication claim ultimately requires a plaintiff to prove that "(1) the defendant official

deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's

deprivation of liberty." *Id.* at 798 (citing *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d

1101, 1111 (9th Cir. 2010)). To show the second element, a plaintiff must show "that (a) the act

was the cause in fact of the deprivation of liberty, meaning that the injury would not have

occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause'

of the injury, meaning that the injury is of a type that a reasonable person would see as a likely

result of the conduct in question." *Id.* (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 582-83

(7th Cir. 2012)).

Plaintiff alleges that on January 31, 2024, Defendant Love planted a contraband cellphone in his cell. *See* Amended Compl. at 3, ECF No. 18. He asserts that the cameras will show that the cellphone was planted because the officers who searched his cell the day before did not find any contraband. *Id*. According to Plaintiff, Defendants Borja, Taianao, Cruz, and Love colluded to have Plaintiff placed in solitary confinement. *Id*. Plaintiff alleged Defendant Love deliberately fabricated the evidence of the contraband cellphone in coordination with Defendants Borja, Taianao, and Cruz, but he also stated that they had placed him in solitary confinement before finding the cellphone. *Id.* Accordingly, Plaintiff does not allege that the deprivation of his liberty–being moved to solitary confinement–was the caused in fact or proximate caused by the Defendants fabricating evidence. Plaintiff's Fourteenth Amendment claim against Defendants Borja, Taianao, Cruz, and Love for fabricating evidence is dismissed with prejudice. Because Plaintiff has alleged that he was moved to the solitary confinement *before* finding the cellphone, any amendment to the Complaint would be futile. Plaintiff would be unable to show that the alleged fabrication was the reason or the proximate cause of his solitary confinement.

As to the April 18, 2025 incident, Plaintiff alleges that the officers searched Plaintiff's cell, and Officer Manansala confiscated a broken mop stick. *See* Mot. to File an Amended Compl., at 1, ECF No. 21. Officer Manansala reported that the mop stick had been "shaved down to a fine point" and the report was supplemented with a picture taken from Defendant Borja's office of a shaved down broken mop stick. *Id.* Plaintiff was "then placed on solitary confinement until February 26, 2026." *Id.* The allegations outline how Officer Manansala fabricated his report to have Plaintiff placed in solitary confinement. The allegations further outline how the fabricated report was the justification for Plaintiff's move to solitary. Liberally construing the Motion to File an Amended Complaint, Plaintiff's injury–being placed in solitary confinement–

1    would reasonably result from a fabricated report that indicated Plaintiff had a sharpened stick in

2    his cell. Therefore, Plaintiff's April 2025 Fourteenth Amendment claim against Defendant

3    Manansala may proceed past screening.

4    **III.    MOTION TO APPOINT COUNSEL**

5            Plaintiff renews his motion to appoint counsel pursuant to Title 28 of the United States

6    Code Section 1915(e)(1), ECF No. 22, after the court previously dismissed his first two motions

7    to appoint counsel. *See* ECF No. 11, at 31-32. Plaintiff asserts that he is unable to afford counsel

8    and that he has been unable to find counsel thus far. Mot. To Appoint Counsel, at 1, ECF No. 22.

9    Plaintiff argues that counsel is necessary because his imprisonment is "limiting his ability to

10   litigate" as he has "limited access to [a] law library and limited knowledge of [the] law," the case

11   "will require significant research and investigation," and trial with require counsel to "present

12   evidence and cross examine witnesses." *Id.*

13           Plaintiff is not entitled to counsel under the statute or under the Constitution. *See*

14   *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). However, in extraordinary

15   circumstances, "[t]he court *may* request an attorney to represent any person unable to afford

16   counsel." 28 U.S.C. § 1915(e)(1) (emphasis added); *see also Terrell v. Brewer*, 935 F.2d 1015,

17   1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Such

18   exceptional circumstances require that the court consider a plaintiff's "likelihood of success on

19   the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the

20   complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103

21   (9th Cir. 2004); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that

22   district court did not abuse discretion in declining to appoint counsel and indicating that these

23   exceptional circumstances must be "viewed together"). A "likelihood" does not mean that

24

1  success is certain or even probable; rather, a "likelihood" means that there is "possible merit" to

2  the claims. *See Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 925 (2017). A plaintiff

3  bears the burden of demonstrating the existence of such exceptional circumstances to warrant

4  appointment of an attorney. *Palmer*, 560 F.3d at 970.

5  　　After considering both elements, the court does not find exceptional circumstances merit

6  the appointment of counsel at this time. Plaintiff has not sufficiently articulated a likelihood of

7  success on the merits or an inability to litigate his claims in his extensive and articulate

8  pleadings. His concerns about his ability to present evidence and cross examine witnesses are

9  currently speculative and his "limited access to [a] law library and limited knowledge of [the]

10  law" places him in a similar position to "many pro se prisoner litigants." Mot. To Appoint

11  Counsel, at 1, ECF No. 22; *Valentini v. Thornell*, No. CV-23-00323-TUC-SHR, 2025 WL

12  904486 (D. Ariz. Mar. 25, 2025) (denying plaintiff's motion for appointment of counsel even

13  when he had "very limited access to a very limited law library," and lacked legal training). Thus,

14  he fails to demonstrate that his circumstances are exceptional and his motion to appoint counsel

15  is dismissed without prejudice.

16  **IV.** **<u>CONCLUSION</u>**

17  　　For the foregoing reasons, Plaintiff's amended Complaint is **DISMISSED IN PART**. All

18  the claims in the amended complaint are dismissed with prejudice, with the exception of the

19  Fourteenth Amendment Claim that occurred on April 18, 2025 (fabrication of evidence as it

20  relates to the shaved mop stick that resulted in his solitary confinement), as contained in the

21  Motion for Leave to File an Amended Complaint, ECF No. 21. As noted in the analysis *supra*,

22  the court incorporated the motion to amend (ECF No. 21) as part of the Amended Complaint

23  (ECF No. 18).

24

1    Moreover, the court notes that Plaintiff failed to reallege his claims that were previously

2  allowed to proceed past screening: Plaintiff's First Amendment claims against Defendant

3  Taianao for interference with Plaintiff's access to the courts and unreasonable interference with

4  mail (both in October to November 2022), Eighth Amendment claim against Defendant

5  Anderson in February 2018, and Fourteenth Amendment against for deliberate fabrication of

6  evidence claim against Defendant Cruz on May 11, 2022. In the court's order dated April 10,

7  2025, it specifically warned Plaintiff that an "amended complaint must be rewritten and function

8  as an independent document. It may not incorporate the prior complaint or other documents by

9  reference." ECF No. 11, at 28. As the Plaintiff has failed to reallege these claims in his Amended

10  Complaint, the court finds that Plaintiff has not stated them as grounds for relief.

11    Finally, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice. ECF No.

12  22.

13    **SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Feb 18, 2026**